IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 8:15CR343 |
| DIONTE DORTCH, JERELL HAYNIE, GREGORY BAHATI, BRANDON HEARD, and JULIO ARIAS, | ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

This matter is before the court on the motions to sever filed by defendants Dionte Dortch (Filing No. 205), Gregory Bahati (Filing No. 212), Brandon Heard (Filing No. 220), Julio Arias (Filing No. Filing No. 229) and Jerell Haynie (Filing No. 240). The court will deny the motions.

BACKGROUND

The defendants are jointly charged in Count One of the Superseding Indictment with a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), in violation of 18 U.S.C. 1962(d), arising out of their alleged criminal activities in connection with the 40th and 44th Ave. Crips street gangs. The Superseding Indictment alleges that between 2008 and 2015, the 40th Ave. and 44th Ave. Crips street gangs "cliqued up" to form an enterprise under 18 U.S.C. § 1961(4). The Superseding Indictment alleges the enterprise engaged in a pattern of racketeering activity under 18 U.S.C. § 1962(c), including murder, attempted murder, witness tampering, and the manufacture and distribution of controlled substances. (Filing No. 20 at pp. 3-7). Count One lists

1

approximately 37 Overt Acts allegedly committed by the defendants or other co-conspirators during the course of the conspiracy. (Filing No. 33 at pp. 7-12).

In addition to the RICO conspiracy charged in Count One, each defendant is charged individually with separate crimes alleged to have been committed in furtherance of the racketeering conspiracy:

- Arias is charged in Counts Thirteen, Fourteen, and Fifteen with distribution of cocaine base on three occasions in 2015, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Filing No. 33 at pp. 18-19).
- Bahati is charged with making threats in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(4) (Count Eight), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Nine).
- Dortch is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2) (Count Ten); witness tampering, in violation of 18 U.S.C. §§ 1512(b)(1), 1512(b)(2)(A), and 1512(b)(3) (Count Eleven); and attempted obstruction of justice, in violation of 18 U.S.C. § 1512(c)(2) (Count Twelve).
- Haynie is charged with attempted murder in aid of racketeering, in violation of 18 U.S.C. § 1959 (a)(5) (Count Two); attempt to commit assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6) (Count Three); and discharging a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(l)(A)(ii) and (iii) (Count Four).
- Heard is charged in Counts Five, Six, and Seven with distribution of cocaine base on three occasions in 2014, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Filing No. 33 at pp. 15-16).

The defendants have filed the present motions to sever their individual charges from the other defendants, arguing that joinder presents the risk of undue prejudice.

## DISCUSSION

Rule 8(a) of the Federal Rules of Criminal Procedure permits the government to charge multiple counts in a single indictment if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8(a) "is broadly construed in favor of joinder to promote the efficient administration of justice." *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008).

Rule 8(b) permits the government to "charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "Generally, 'persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together.'" *United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009) (quoting *United States v. Adkins*, 842 F.2d 210, 211 (8th Cir. 1988). Other circuits have held that when defendants are charged with a RICO conspiracy, seemingly unrelated offenses satisfy Rule 8(b)'s "same series of acts or transactions" requirement as long as "the criminal acts charged . . . were charged either as predicates for the racketeering charge, or as acts undertaken in furtherance of a commonly charged RICO enterprise." See *United States v. Irizarry*, 341 F.3d 273, 289-90 (3d Cir. 2003). See also, *United States v. Eufrasio*, 935 F.2d 553, 567 (3d Cir. 1991) ("Rule 8(b) provides substantial leeway to prosecutors who would join racketeering defendants in a single trial. The rule permits joinder of defendants charged with participating in the same racketeering enterprise or conspiracy, even when different defendants are charged with different acts, so long as indictments indicate all the acts charged against each joined defendant . . . are charged as racketeering predicates or as acts undertaken in furtherance of, or in association with, a commonly charged RICO enterprise or conspiracy."); *United States v. Friedman*, 854 F.2d 535, 561 (2nd Cir. 1988) (holding joinder was appropriate under Rule 8(b) where the

3

indictment alleged the defendants' participation in a RICO conspiracy); *United States v. Bright*, 630 F.2d 804, 813 (5th Cir. 1980) (holding joinder was appropriate in RICO case even though the defendants were alleged to have committed different predicate crimes).

The court finds that the defendants and separate counts are properly joined in this case pursuant to Fed. R. Crim. P. 8(a) and (b). Each defendant is charged with knowing participation in an unlawful RICO conspiracy in Count One. The Superseding Indictment alleges that each defendant was a member or associate of the criminal enterprise; that the purposes and objectives of the enterprise included the financial support of its members through the distribution of controlled substances; that the enterprise sought to preserve its power and territory through the use of threats, violence, and intimidation, including acts of murder, attempted murder, and assault; and that the enterprise's members and associates sought to prevent the detection of its criminal activities by keeping victims and witnesses in fear of the enterprise through threats and violence. The Superseding Indictment alleges that "each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the enterprise's affairs." (Filing No. 33 at p. 7). The remaining fourteen Counts in the Superseding Indictment involve acts that were allegedly committed by each defendant in the furtherance of the RICO conspiracy. Because the Superseding Indictment alleges that the acts taken by all defendants were acts in furtherance of a RICO conspiracy, the court concludes that joinder of the defendants is proper under Rule 8(b) and that the separate counts against each defendant are properly joined under Rule 8(a).

Once the court determines that the offenses are properly joined under Rule 8, Rule 14 specifies that the district court may nevertheless order separate trials if a joint trial would "prejudice a defendant or the government." Fed. R. Crim. P. 14. "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if

4

there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Properly joined defendants gives rise to "a strong presumption for their joint trial, as it 'gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.'" *Lewis*, 557 F.3d at 1039 (quoting *United States v. Flores*, 70 F.3d 1507, 1528 (8th Cir. 1995)). "This presumption can only be overcome if the prejudice is 'severe or compelling.'" *Id.* (quoting *United States v. Crumley*, 528 F.3d 1053, 1063 (8th Cir. 2008)). "A defendant can demonstrate real prejudice to his right to a fair trial by showing . . . the jury will be unable to compartmentalize the evidence as it relates to the separate defendants" because of a "prejudicial spillover effect." *United States v. Mueller*, 661 F.3d 338, 347 (8th Cir. 2011) (quoting *United States v. Washington*, 318 F.3d 845, 858 (8th Cir. 2003)); *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006). "The burden of showing a clear likelihood of prejudice falls on the party seeking severance." *Id.* (citing *United States v. Frazier*, 280 F.3d 835, 844 (8th Cir. 2002)).

  The defendants primarily argue severance is necessary to avoid the risk of undue prejudice and to preserve their right to a fair trial because the jury will be unable to compartmentalize the evidence as it relates to the separate defendants. In particular, the defendants argue prejudice is likely due to the varying degrees of severity of the accused criminal conduct or culpability amongst the defendants. Heard and Arias argue they would be prejudiced by a joint trial because the allegations of their criminal conduct include only possession of a firearm and distribution of cocaine base, whereas some of the other defendants are accused of crimes involving violence. Bahati similarly argues he would be prejudiced by a joint trial because more serious crimes of violence are charged against the other defendants, which were committed before Bahati allegedly became involved in the enterprise. Dortch and Haynie argue they would be prejudiced because they were incarcerated during much of the time period that the enterprise allegedly

5

operated. Dortch also argues he would be prejudiced because he is the sole defendant who is not a member of the 40th Ave. Crips or identified as part of the enterprise by the government's principal confidential informant.

The Eighth Circuit has found that a properly joined co-defendant was "not entitled to severance simply because the evidence against him was less damaging than was the evidence against [his co-defendant]." *Lewis*, 557 F.3d at 610-11. In doing so, the Eighth Circuit rejected the defendant's argument that the jury was unable to compartmentalize the evidence because there was more evidence of one defendant's guilt when compared to the co-defendant. See *id.*; see also *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006) ("Severance is never warranted simply because the evidence against one defendant is more damaging than that against another, even if the likelihood of the latter's acquittal is thereby decreased."). When assessing the jury's ability to compartmentalize the evidence against joint defendants, the court should take into consideration the complexity of the case and whether adequate jury instructions and admonitions can cure any potential prejudice. See *Lewis*, 557 F.3d at 610.

The court finds that the defendants have failed to show that this is one of the rare cases where a joint trial will cause severe or compelling prejudice, or that a jury could not be reasonably expected to compartmentalize the evidence. The defendants are alleged to be a part of a single RICO enterprise, and evidence of the RICO enterprise is relevant to all defendants. Moreover, "The United States has a strong interest in the joint trial of the members of a criminal enterprise" to "save time and money for the courts, prosecutors, and witnesses." *United States v. Darden*, 70 F.3d 1507, 1527 (8th Cir. 1995). "Most importantly, however, justice is best served by trying the members of a racketeering enterprise together because a joint trial 'gives the jury the best perspective on all the evidence and therefore increases the likelihood of a correct outcome.'" *Id.* (quoting *United States v. Buljubasic*, 808 F.2d 1260, 1263 (7th Cir. 1987). In addition, the court finds that given the volume of evidence to be presented and the special concerns regarding witness

6

safety, conducting multiple trials to establish the same RICO enterprise would be duplicative and unduly burdensome on judicial resources. Finally, any potential risk of prejudice may be cured through appropriate and thorough jury instructions. See *United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004) ("The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions."). The court therefore concludes severance is not warranted. Accordingly,

**IT IS ORDERED:** The defendants' motions to sever (Filing No. 205; Filing No. 212; Filing No. 220; Filing No. 229 and Filing No. 240) are denied.

**DATED:** January 4, 2017

        **BY THE COURT:**

        s/ F.A. Gossett
        **United States Magistrate Judge**

**NOTICE**

A party may object to a magistrate judge's order by filing a "Statement of Objections to Magistrate Judge's Order" within 14 days after being served with the order in accordance with NECrimR 59.2.